Stayton, J.

---

## C. M. PEARRE & CO. V. J. W. HAWKINS.

IN SUPREME COURT, TYLER TERM, 1884.

*Attachment—Affidavit.*—An affidavit made for the purpose of procuring a writ of attachment which states two grounds entirely inconsistent, the one with the other, is insufficient.

*Same.*—"That defendants have secreted their property for the purpose of defrauding their creditors;" and "that they (defendants) have disposed of their property with intent to defraud their creditors," is inconsistent.

Appeal from Hunt county.

It becomes unnecessary, in the view taken of one question presented, to consider any other.

The affidavit for attachment alleged, "that defendants aforesaid have secreted their property for the purpose of defrauding their creditors, and that they (defendants) have disposed of their property with intent to defraud their creditors."

A motion to quash the attachment was filed, and one of the grounds on which this was sought was, "because the affidavit for attachment charges two inconsistent and contradictory grounds, for said attachment, and said affidavit is, therefore, indefinite as to the true ground for which the same is sought." The motion was sustained, and this is assigned as error.

That two or more grounds for attachments are set forth in the affidavit is unimportant, unless from the manner of statement the real ground is uncertain, either by the manner the several grounds are connected, or by the statement of two or more grounds which are within themselves inconsistent. In the case before us, the two grounds for attachment are stated cumulatively, and if one of them be true, it matters not that the other be untrue. If, however, two grounds entirely inconsistent, the one with the other, be stated, it is as though no ground at all be stated, or at least the latter is left in a state of uncertainty, as is wholly inadmissible, and insufficient for the officer who is called on to issue a writ, before judgment, by which property is to be taken from the possession of the owner.

The revised statutes give several grounds for attachment, not given before their enactment, and in some instances words and clauses have been inserted which were not before found in the statute.

That a person has secreted his property for the purpose of defrauding his creditors, was a ground for attachment under the former, as it is under the revised statutes. (Pas. Dig., art. 142; Rev. Stats., art. 152.)

In the cases of Hopkins v. Nichols (22 Tex., 206), Culberson v. Cabeen (28 Texas, 247) and Carpenter v. Pridgen (40 Texas, 34), the word "secrete," as used in the attachment law, was held to mean, "to hide; to put it where the officer of the law will probably not be able to find it." Mr. Webster thus defines the word : "To hide ; to conceal, to remove from the observation or knowledge of others, as to *secrete* stolen goods." We have no doubt that this is the sense in which the word is used in the statute. The word seems to carry with it the further idea that the thing secreted, although not open

to the view of others, is still possessed or owned by the person by whom secreted. It certainly does not convey the idea that the title or right to the thing possessed or owned is in any respect affected by the fact that it has been hidden from the view or knowledge of other persons.

"That he has disposed of his property in whole or in part, with intent to defraud his creditors," was not, in the same language, made a ground for attachment under the former statute. The nearest approach in meaning to the ground for attachment above quoted found in the former statute, is in that clause which declared that an attachment might be issued when an affidavit was made charging that the defendant "has transfered * * * his property for the purpose of defrauding his creditors."

In the case of Hopkins v. Nichols, the word "transfer" was defined, and it was held that the word transfer of property and the secreting of property presented separate and distinct grounds for attachment and not different phases of one ground. The court said : "to transfer property, within the meaning of the statute, is to place it in the hands of another under pretense of title. To secrete property within the meaning of the statute, is to hide it ; to place it where the officer of the law will not probably be able to find it." The same was held in Culberson v. Cabeen (29 Texas, 256) In the case referred to, however, the separate grounds for an attachment were disjunctively connected.

In the case of Carpenter v. Pridgen (40 Texas, 33), the affidavit stated that the defendants "are about to transfer their property, or dispose of the same, for the purpose of defrauding their creditors," etc., and it was said that the word "dispose," when used in relation to property, has a broader signification than the word "transfer," or the word "secrete." That this is true, we think there can be no doubt, but as the word "transfer" is omitted in the present statute, and the word "disposed" is inserted where it formerly stood, it is obvious that it was intended by the latter word to reach all such cases as could have been reached by the former statute, which contained the word "transfer," and any others which might be reached by the ordinary or legal meaning of the word "dispose," when considered in reference to an appropriation of the property by the owner in such a way as to defraud his creditors ; or that the word substituted was used in the same sense as the word "transfer."

If used in the latter sense only, the two grounds set out in the affidavit are inconsistent. The one carrying with it the idea that the property, in fact as well as in form, is still owned and possessed by the debtor, and is only held from the process sued out by the fact that it is hidden or concealed from the view or knowledge of the officer, and all other persons than the debtor or those who are in his confidence. It is the hiding of the thing. The other conveys the idea that by the act of the debtor, the title to the thing has been so divested as to operate a fraud on the creditor, even though the thing be not hidden. It relates to the title of the thing transferred.

It may have been thought by the legislature that the word "transfer" could be applied only to "an act or transaction by which the property of one person is by him vested in another." This, without the use of some qualifying word, is the legal meaning of the term. (Abbott's and Bouvier's Law Dicts.; Webster.)

It may have been thought necessary to use a word of broader signification, in order to embrace any conceivable form of appropriation of property, in actual ownership or otherwise, to another by a debtor with intent to defraud creditors, by an act which gives, or which purports to give to another a general or qualified ownership or right in or to the thing in question.

The word "dispose" is thus defined by Mr. Abbott : "To dispose of property is to alienate it ; assign it to a use ; bestow it ; divest its ownership." Mr. Webster defines the primary meaning of the words "to dispose of" as follows : "To part with ; to sell ; to alienate, as 'the man has disposed of his home.' "

We have no doubt that these definitions embrace both the popular and legal significations of the word "dispose" when used in connection with property, as it is in the attachment law. If the word is used in the statute in any of these senses, it gives to the clause of the statute in which it is found a meaning inconsistent with that in which the word "secrete" is found. They do not present phases of the same fact or act, nor is the existence of the one ground compatible with the existence of the other. If the debtor has disposed of his property, he has nothing which he can secrete and thereby defraud his creditors. If he has only secreted his property he has not disposed of it.

That a person may, by fraudulent conveyance, becloud the title of his property as affects creditors, and thereby in a certain sense

secrete it, it is true, but that would be to secrete the title or render uncertain the ownership, and not to secrete the property, and would be within the meaning of the law to dispose of his property.

We are of the opinion that the court below did not err in holding that the two grounds for attachment in the affidavit were inconsistent, and that this rendered the application so uncertain as to require the writ to be quashed.

The judgment is affirmed.                                    Stayton, J.